**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER R. TIA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CORECIVIC, et al.,<br><br>　　　　　Defendants. | NO. CV 18-10103 ODW (AS)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(g)** |

Effective November 23, 2018,[1] pro se Plaintiff Peter R. Tia, who is currently incarcerated at the Metropolitan Detention Center in Los Angeles, California, filed a civil rights complaint ("Complaint") against three defendants: CoreCivic (formerly the Corrections Corporation of America), a corporation that owns and manages private prisons and detention centers; FBI Agent George Chapman; and J.L., a Social Security employee from Honolulu, Hawaii. (Dkt. No. 1). On December 26, 2018, Plaintiff filed a Request to Proceed in forma pauperis ("IFP"). (Dkt. No. 6).

---

[1] The prison mailbox rule applies to civil rights complaints. Houston v. Lack, 487 U.S. 266, 276 (1988); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

A prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:[2]

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[] to state a claim[.]'" Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). For purposes of § 1915(g), the phrase "fails to state a claim upon which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact[,]'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Id. at 1121 (citations omitted).

---

[2] "Prisoner" means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Courts may raise Section 1915(g) sua sponte. Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) ("[W]e may raise the issue of [Section 1915(g)] strikes sua sponte"); Harris v. City of New York, 607 F.3d 18, 23 (2d Cir. 2010) (A "district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the three strikes rule has not been raised by the defendant in the pleadings."). But in so doing, the Court must notify the prisoner of the strikes it considers to support such a dismissal, and allow the prisoner an opportunity to be heard on the matter before dismissing the case. Andrews, 398 F.3d at 1120. Once the Court places the prisoner on notice that his case may be subject to dismissal under Section 1915(g), the prisoner bears the ultimate burden of persuading the Court that Section 1915(g) does not apply. Id. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action IFP, but he may still pursue his claims if he pays the full filing fee at the outset of the action.

Here, at least three of Plaintiff's cases or appeals have previously been dismissed as frivolous, malicious, or for failure to state a claim, including the following actions:[3]

(1) Tia v. Core Civic, et al., United States District Court for the Central District of California case no. CV 18-5387 AG (AGR)

---

[3] Plaintiff admits to filing "over 85" prior federal lawsuits while a prisoner (Complaint at 1), and he is subject to a pre-filing review order in the Ninth Circuit. See, e.g., Tia v. Honolulu Police Dep't, 2018 WL 4777797, *1 (9th Cir. 2018); In re Tia, United States Court of Appeals for the Ninth Circuit Case No. 15-80222 (Pre-Filing Review Order filed April 14, 2016).

3

(denying request to proceed IFP for failure to state a claim),[4] appeal dismissed, Tia v. Core Civic, et al., Ninth Circuit case no. 18-56211 (dismissing appeal as "so insubstantial as to not warrant further review" pursuant to pre-filing order).

(2) Tia v. Core Civic, et al., United States District Court for the Central District of California case no. CV 18-7860 ODW (AS) (denying request to proceed IFP as legally and factually frivolous).

(3) Tia v. Chapman, et al., United States District Court for the Central District of California case no. CV 18-7926 ODW (AS) (denying request to proceed IFP as legally and factually frivolous).

(4) Tia v. Core Civic, et al., United States District Court for the Central District of California case no. CV 18-7928 ODW (AS) (denying request to proceed IFP as legally and factually frivolous).

---

[4] A denial of IFP status constitutes a strike if IFP status is denied because the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016); see also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee.").

4

(5) <u>Tia v. Criminal Demand As Set Forth Per Investigation</u>, United States District Court for the District of Hawaii case no. 10-0441 DAE/BMK (dismissing complaint as frivolous and for failure to state a claim).

(6) <u>Tia v. Criminal Investigation Demanded As Set Forth</u>, United States District Court for the District of Hawaii case no. 10-0383 SOM/BMK (dismissing complaint as frivolous and for failure to state a claim), <u>affirmed by</u>, <u>Tia v. Criminal Investigation Demanded As Set Forth</u>, Ninth Circuit case no. 10-16979.

(7) <u>Tia v. Sequeira</u>, United States District Court for the District of Hawaii case no. 08-0575 HG-BMK (dismissing complaint for failure to state a claim), <u>appeal dismissed for lack of jurisdiction</u>, Ninth Circuit case no. 10-15129.[5]

In light of these dismissals, and because Plaintiff does not plausibly allege he is under imminent danger of serious physical injury, IT IS HEREBY ORDERED that on or before February 4, 2019, Plaintiff shall show cause in writing, if there be any, why his request to proceed <u>in forma pauperis</u> should not be denied on the ground that he has suffered three or more "strikes" within the meaning of 28 U.S.C. §

---

[5] Based on the three Hawaiian cases listed herein, in <u>Tia v. Head of the United States Court of Appeals for the Ninth Circuit</u>, 2017 WL 2951423 (D. Haw. 2017), the United States District Court for the District of Hawaii found that Plaintiff "has accrued three strikes under § 1915(g), has been notified of these strikes, and may not proceed in a civil action without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury when he filed suit." <u>Id.</u> at *1-2 & n.2 (footnote omitted).

5

1915(g).  In the alternative, Plaintiff may avoid dismissal by paying the full filing fee by February 4, 2019.  Failure to respond to this Order may result in the denial of Plaintiff's IFP request and the dismissal of this action.

IT IS SO ORDERED.

DATED: January 14, 2019

                                          /s/
                                    ALKA SAGAR
                          UNITED STATES MAGISTRATE JUDGE